Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Marissa Hernandez*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA HERNANDEZ | Case No. |
| Plaintiff, | **Plaintiff's Complaint AND DEMAND FOR JURY TRIAL** |
| v. | |
| HOAG MEMORIAL HOSPITAL PRESBYTERIAN, KHALDOUN DEBIAN, M.D., A MEDICAL CORPORATION, THUNDERBIRD COLLECTION SPECIALISTS, INC., PAVILION SURGERY CENTER, LLC, and PROGRESSIVE MANAGEMENT SYSTEMS. | 1. RFDCPA, Cal. Civ. Code. § 1788 *et seq.* 2. FDCPA, 15 U.S.C. § 1692 *et. Seq.* (Unlawful Debt Collection Practices) |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Marissa Hernandez ("Plaintiff"), by and through her attorneys,

alleges the following against Defendants Hoag Memorial Hospital Presbyterian

("Hoag"), Khaldoun Debian, M.D., A Medical Corporation ("KDM"), Thunderbird Collection Specialists, Inc, ("TCS"), Pavilion Surgery Center, LLC ("Pavilion"), and Progressive Management Systems ("PMS").

## INTRODUCTION

1.      Counts I and II of Plaintiff's Complaint is based upon the RFDCPA and/or FDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2.      The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3.      Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

4.      Because Defendants conduct business within the County of Orange, State of California, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6.      Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Plaintiff is a natural person residing in Tustin, Orange County, California.

9.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendants, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

10.     As a partnership, corporation, limited liability company, or other similar entity, Defendants are a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

11.     Defendants allege Plaintiff owed it money arising out of medical services performed upon Plaintiff by Defendants for treatment of injuries arising out of an industrial work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     Plaintiff allegedly owed a monetary debt to Defendants, which makes Defendant a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

13.     Upon information and belief, Defendants were attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

14.     Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15.     Plaintiff is informed and believes Defendants regularly collect or attempt to collect debts on behalf of themselves and is therefore both a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

16.     Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

17.     At all relevant times herein, Defendant Hoag was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served through its agent for service of process, Lisa Bynum, located at One Hoag Drive, Newport Beach, CA 92663.

18.    At all relevant times herein, Defendant KDM was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served through its agent for service of process, Khaldoun Debian, located at 17400 Irvine Blvd., Suite F, Tustin, CA 92780.

19.    At all relevant times herein, Defendant TCS was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served through its agent for service of process, Registered Agents, Inc., located at 1401 21st St., Ste. R, Sacramento, CA 95811.

20.    At all relevant times herein, Defendant Pavilion was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served through its agent for service of process, Tersa A. Lech, located at 1140 W. La Veta Ave., Suite 300, Orange, CA 92868.

21.     At all relevant times herein, Defendant PMS was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served through its agent for service of process, 1521 West Cameron Ave., First Floor, West Covina, CA 91790.

22.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

23.     On or about November 10, 2022, Plaintiff was injured in a work-related accident which required emergency medical treatment and/or services.

24.     Plaintiff's employer accepted liability for the injuries she suffered at work and therefore, any and all amounts due from the medical treatment and/or services rendered in relation to her work-place injury is not Plaintiff's legal responsibility.

25.     Plaintiff's workplace injury necessitated on-going medical treatment/services.

26.     Defendants Hoag, KDM and Pavilion provided Plaintiff with medical treatment/services related to her workplace injury.

27.     Defendants Hoag, KDM and Pavilion knew and/or should have known that Plaintiff had a workers compensation claim and was seeking medical services/treatment related to her workplace accident.

28.     Defendants Hoag, KDM and Pavilion had all of the necessary and proper billing information for Plaintiff's workers compensation claim in their possession at the time they began sending Plaintiff medical bills/statements to collect on the alleged debt(s) related to the medical treatment/services rendered to him for his workplace injury.

29.     Despite this, Defendants engaged in unlawful collection efforts attempting to collect for medical the treatment/services related to his workplace injury.

### *Defendants Hoag and PMS unlawful collection actions*

30.     In or around November 2022, Defendant Hoag provided medical treatment/services to Plaintiff for her workplace injury.

31.     Plaintiff visited Defendant Hoag and informed it that she was injured in a workplace accident.

32.     At the time of service, Plaintiff provided Defendant Hoag with her employer's information.

33.     In or around April 2023, Defendant Hoag sent Plaintiff a medical statement/bill.

34.    The statement/bill was attempting to collect an amount of $832.43, of which Plaintiff is not responsible for.

35.    In or around June 2023, Defendant Hoag placed Plaintiff's account with Defendant PMS, a third-party debt collector.

36.    In or around June 2023, Defendant PMS sent Plaintiff a collection letter.

37.    The collection letter indicated that PMS was collecting on behalf of Hoag and that Plaintiff owed a total amount of $832.66.

38.    Moreover, the collection letter from PMS indicated that PMS was charging Plaintiff interest on the alleged debt owed, which Plaintiff is not responsible for.

39.    Defendants Hoag and PMS were attempting to collect on an alleged debt that was not legally owed by Plaintiff.

### *Defendants Pavilion and TCS unlawful collection actions*

40.    In or around January 2023, Defendant Pavilion provided Plaintiff with medical treatment and/or services related to her workplace injury.

41.    Plaintiff informed Defendant Pavilion that the medical treatment/services was related to her workplace injury.

42.    In fact, Plaintiff's workers compensation case manager accompanied her to her visit to Pavilion and confirmed that there was a workers compensation

claim and the injury was related to the claim.

43. All the necessary and proper billing information was provided to Pavilion.

44. Despite this, Pavilion proceeded to engage in unlawful collection actions by sending Plaintiff one or more medical statements/bills.

45. In or around February 2023, Defendant Pavilion sent Plaintiff a medical statement/bill.

46. The statement/bill was attempting to collect an amount of $797.25.

47. The statement/bill indicated that Plaintiff was responsible for the amount due.

48. In or around May 2023, the workers' compensation claims adjuster sent a letter to Defendant Pavilion informing it that it was unlawfully billing Plaintiff for the medical treatment/services related to her workplace injury.

49. Despite this, Defendant Pavilion proceeded to place Plaintiff's account with TCS, a third-party debt collector.

50. In or around June 2023, Defendant TCS sent Plaintiff a collection letter.

51. The collection letter was attempting to collect an amount of $1,116.15, of which Plaintiff is not responsible for.

52. Further, the collection letter indicated that Defendant TCS was

COMPLAINT AND DEMAND FOR JURY TRIAL

charging Plaintiff $318.90 in fees.

53.     After receiving the collection letter, Plaintiff contacted Defendant TCS and informed it that it was related to her workplace injury and subject to workers compensation, effectively disputing the debt.

54.     In response to this information, Defendant TCS provided Plaintiff with validation of the debt and continued its attempts to collect on the debt.

55.     Defendants Pavilion and TCS are attempting to collect on an alleged debt that Plaintiff is not legally responsible for.

### *Defendant KMD unlawful collection actions*

56.     In or around January 2022, Defendant KMD provided Plaintiff with medical treatment/services related to her workplace injury.

57.     Defendant KMD was aware that the injury was related to her workplace injury because KMD was directly informed by Plaintiff.

58.     Moreover, the workers' compensation case manager accompanied Plaintiff to her visit to Defendant KMD and further verified that this was a work-related injury and subject to workers compensation.

59.     In or around March 2023, Defendant KMD sent Plaintiff a medical statement/bill.

60.     The statement/bill was attempting to collect an amount of $232.44, of which Plaintiff is not responsible for.

61. Due to Defendants' abusive actions, Plaintiff suffered from emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, and confusion.

62. Plaintiff was under the belief that all medical treatment/services she received that were related to her workplace injury were not her responsibility and would be paid for by her employer, which is what the law mandates.

63. Plaintiff was told by her workers compensation attorney and/or her workers compensation insurance carrier that she was not responsible for the medical service related to her workplace injury, but the repeated collection attempts caused her to doubt her attorney.

64. Defendants had in their possession all information necessary to properly handle the correct billing for the treatment, and despite this, Defendants sent Plaintiff bills, statements and/or collection letters in an attempt to collect on debt(s) Plaintiff is not legally responsible for.

65. The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections 1692d through 1692f, "and makes available the FDCPA's remedies for violations." Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012).

66. The RFDCPA is a strict liability statute. Garcia v. Creditors Specialty

COMPLAINT AND DEMAND FOR JURY TRIAL

Serv., No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).

67. Defendants attempted to collect a debt regarding Plaintiff's medical treatment stemming from a work-related injury covered by workers' compensation.

68. The alleged debts Defendants are attempting to collect cannot be lawfully collected from Plaintiff and as a result, the medical bills, statements and/or collection letters contain false, deceptive, and misleading representations.

69. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

70. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

71. Plaintiff has the interest and right to be free from the fear of being placed in collections on debts Plaintiff does not owe.

72. Plaintiff has the interest and right to be free from deceptive, false and/or misleading communications from debt collectors, including Defendants.

73. Defendants deprived Plaintiff of these rights.

74. Defendants engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

75. Plaintiff justifiably fears that, absent this Court's intervention,

COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant will ultimately cause Plaintiff to be sued for debts Plaintiff does not owe.

76. As a result of Defendant's conduct, Plaintiff was forced to seek advice from counsel causing the Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting the claim.

77. As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged debt.

78. The deprivation of Plaintiff's rights will be redressed by favorable decision herein.

## COUNT I
## ALL DEFENDANTS
### (Violations of RFDCPA, CAL. CIV. CODE § 1788 *et seq*.)

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

a. Defendants violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

COMPLAINT AND DEMAND FOR JURY TRIAL

a. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

c. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

f. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

81. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

82. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
**Defendant TCS and PMS**
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.)**

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. Defendants TCS and PMS violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

    b. Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

    c. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

d. Defendants violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

e. Defendants violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

f. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

85. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

86. As a result of the foregoing violations of the FDCPA, TCS and PMS are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Marissa Hernandez, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants TCS and PMS violated the FDCPA;

B. Statutory damages against Defendants TCS and PMS of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

C. Actual damages against Defendants TCS and PMS pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

D. Costs and reasonable attorneys' fees against Defendants TCS and PMS pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

E. Declaratory judgment that Defendants violated the RFDCPA;

F. Statutory damages against Defendants of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

G. Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30(a);

H. Costs and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

I. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

J. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

K. Any other relief that this Honorable Court deems appropriate.

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 25th day of September 2023.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**HAMMOUD LAW, P.C.**
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

*Attorneys for Plaintiff,*
*Marissa Hernandez*